UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v. Case No. 6:17-cv-1386-Orl-37KRS

HAROLD J. SWART, JR.; and SWART BAUMRUK & CO, LLP;

Defendants,

MIND YOUR OWN BUSINESS, INC.,

Relief Defendant.

---

**FINAL JUDGMENT AS TO DEFENDANT HAROLD J. SWART, JR.**

On July 27, 2017, Plaintiff, the Securities and Exchange Commission ("**SEC**"), commenced this action against Defendant Harold J. Swart, Jr. ("**Mr. Swart**") and others. (*See* Doc. 1.) In its Complaint, the SEC seeks, among other relief, a permanent injunction enjoining Mr. Swart from violating Sections 5(a) and (c) and 17(a) of the Securities Act of 1933 ("**Securities Act**") and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("**Exchange Act**"). (*Id.* ¶¶ 5, 35–55.) Mr. Swart, by consent (Doc. 5-1 ("**Consent**")), has agreed to the entry of the SEC's proposed final judgment (Doc. 5-2 ("**Proposed Judgment**")). After review of the Consent and the Proposed Judgment, the Court enters the following Final Judgment.

The SEC having filed a Complaint and Mr. Swart having entered a general

appearance; consented to the Court's jurisdiction over Mr. Swart and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in Paragraph IX of this Final Judgment); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Mr. Swart is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule l0b-5 [17 C.F.R. § 240.l0b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

a. To employ any device, scheme, or artifice to defraud;

b. To make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

c. To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, (ii) disseminating false or misleading documents, materials, or information, or (iii) making, either orally or in writing, any false or misleading statement in any communication with any person, about:

A. Any investment in or offering of securities, or

B. The registration or unrestricted status of such offering or of such securities.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), Paragraph I also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Mr. Swart's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Mr. Swart or with anyone described in (a).

**II.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Mr. Swart is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

a. To employ any device, scheme, or artifice to defraud;

b. To obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

c. To engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any

person, (ii) disseminating false or misleading documents, materials, or information, or (iii) making, either orally or in writing, any false or misleading statement in any communication with any person, about:

A. Any investment in or offering of securities,

B. The registration or unrestricted status of such offering or of such securities.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), Paragraph II also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Mr. Swart's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**III.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Mr. Swart is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

a. Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

b. Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose

of sale or for delivery after sale; or

c. Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), Paragraph III also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Mr. Swart's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**IV.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Mr. Swart is directed to comply with the SEC's Order dated January 25, 2001, *In the Matter of Swart, Baumruk & Co., LLP and Harry I Swart, CPA* (Admin. Proc. 3-104 10), by which Defendant was suspended from appearing or practicing before the SEC as an accountant, including but not limited to: (a) transacting any business with the SEC; and (b) the preparation of any statement, opinion or other paper filed with the SEC in any registration statement, notification, application, report or other document.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), Paragraph IV also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Mr. Swart's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**V.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Mr. Swart is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1J].

**VI.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Mr. Swart is liable for disgorgement of $41,945.56, representing profits gained as a result of the conduct alleged in the Complaint together with prejudgment interest thereon in the amount of $5,491.07 jointly and severally with Relief Defendant Mind Your Own Business, Inc., and a civil penalty in the amount of $41,945.56 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Mr. Swart shall satisfy this obligation pursuant to the terms of the payment schedule set forth in paragraph VII below after entry of this Final Judgment.

Mr. Swart may transmit payment electronically to the SEC, which will provide

detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofrn.htm. Mr. Swart may also pay by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Harold J. Swart, Jr. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Mr. Swart shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Mr. Swart relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Mr. Swart. The SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Mr. Swart shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**VII.**

Mr. Swart shall pay the total of disgorgement, prejudgment interest, and penalty due of $89,382.19 in five installment payments to the SEC according to the following schedule: (1) $20,000.00 within 10 days of entry of this Final Judgment; (2) $17,345.55 within 90 days of entry of this Final Judgment; (3) $17,345.55 within 180 days of entry of this Final Judgment; (4) $17,345.55 within 270 days of entry of this Final Judgment; and (5) $17,345.54 within 360 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the SEC and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of this Final Judgment. Prior to making the final payment set forth herein, Mr. Swart shall contact the staff of the SEC for the amount due for the final payment.

If Mr. Swart fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the SEC without further application to the Court.

**VIII.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent (Doc. 5-1) is incorporated herein with the same force and effect as if fully set forth herein, and that Mr. Swart shall comply with all of the undertakings and agreements set forth therein. To the extent that the Consent imposes an "obey-the-law" injunction more

broadly than that defined in this Final Judgment that fails to afford specific notice of prohibited conduct, it is unenforceable.

**IX.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Mr. Swart, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Mr. Swart under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Mr. Swart of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**X.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 17, 2017.




ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record