UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                                                  Case No. 6:17-cv-1386-Orl-37KRS

HAROLD J. SWART, JR.; and SWART
BAUMRUK & CO, LLP;

    Defendants,

MIND YOUR OWN BUSINESS, INC.,

    Relief Defendant.
_____

### **FINAL JUDGMENT AS TO DEFENDANT SWART BAUMRUK & CO., LLP**

On July 27, 2017, Plaintiff, the Securities and Exchange Commission ("**SEC**"), commenced this action against Defendant Swart Baumruk & Co, LLP ("**Swart Baumruk LLP**") and others. (*See* Doc. 1.) In its Complaint, the SEC seeks, among other relief, an order requiring Swart Baumruk LLP to comply with the SEC's previous order suspending it from appearing or practicing as an accounting firm before the SEC (*Id.* ¶¶ 56–59; *see also In re Swart, Baumruk & Co., LLP*, Exchange Act Release No. 43883, 2001 WL 58837 (Jan. 15, 2001)). Swart Baumruk LLP, by consent (Doc. 5-3 ("**Consent**")), has agreed to the entry of the SEC's proposed final judgment (Doc. 5-4 ("**Proposed Judgment**")). After review of the Consent and the Proposed Judgment, the Court enters the following Final Judgment.

The SEC having filed a Complaint and Swart Baumruk LLP having entered a general appearance; consented to the Court's jurisdiction over it and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Swart Baumruk LLP is directed to comply with the SEC's Order dated January 25, 2001, *In the Matter of Swart, Baumruk & Co., LLP and Harry J. Swart, CPA* (Admin. Proc. 3-104 10), by which Swart Baumruk LLP was suspended from appearing or practicing before the SEC as an accountant, including but not limited to: (a) transacting any business with the SEC; and (b) the preparation of any statement, opinion or other paper filed with the SEC in any registration statement, notification, application, report or other document.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), Paragraph I also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Swart Baumruk LLP's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Swart Baumruk LLP or with anyone described in (a).

II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Swart Baumruk LLP is liable for disgorgement of $18,912.88, representing profits gained as a

result of the conduct alleged in the Complaint together with prejudgment interest thereon in the amount of $2,709.73. Swart Baumruk LLP shall satisfy this obligation pursuant to the terms of the payment schedule set forth in paragraph III below after entry of this Final Judgment.

Swart Baumruk LLP may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www,sec.gov/about/offices/ofm.htm. Swart Baumruk LLP may also pay by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Swart Baumruk & Co. LLP as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Swart Baumruk LLP shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Swart Baumruk LLP. The SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The SEC may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Swart Baumruk LLP shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### III.

Swart Baumruk LLP shall pay the total of disgorgement and prejudgment interest due of $21,622.61 in five installments to the SEC according to the following schedule: (1) $10,000.00, within 10 days of entry of this Final Judgment; (2) $2,905.66 within 90 days of entry of this Final Judgment; (3) $2,905.65 within 180 days of entry of this Final Judgment; (4) $2,905.65 within 270 days of entry of this Final Judgment; and (5) $2,905.65 within 360 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the SEC and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Swart Baumruk LLP shall contact the staff of the SEC for the amount due for the final payment.

If Swart Baumruk LLP fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the SEC without further application to the Court.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent

(Doc. 5-3) is incorporated herein with the same force and effect as if fully set forth herein, and that Swart Baumruk LLP shall comply with all of the undertakings and agreements set forth therein.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 17, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record